**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4006

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHELLE DAWN FASSETT,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:07-cr-00015-HFF-3)

Submitted:  September 11, 2008      Decided:  September 15, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Dawn Fassett pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2000), and one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced her to 168 months of imprisonment. Fassett timely appealed.

On appeal, counsel filed an Anders[*] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Fassett's guilty plea. Fassett was advised of her right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

Fassett did not move in the district court to withdraw her guilty plea, therefore this court reviews her challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Bradley, 455 F.3d 453, 461-62 (4th Cir. 2006). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against her, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering her

---

[*]Anders v. California, 386 U.S. 738 (1967).

2

plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).

Counsel correctly notes that the district court failed to advise Fassett that, having entered a plea of not guilty, she had a right to persist in that plea, as required by Fed. R. Crim. P. 11(b)(1)(B), and that the court did not advise Fassett that the crimes to which she was pleading guilty were felonies and she would lose certain civil rights by virtue of her plea. Our review of the plea hearing transcript also reveals that the district court mistakenly stated that the maximum punishment for the drug count was life imprisonment, rather than the correct forty-year statutory maximum. The plea agreement, which Fassett signed and acknowledged that she understood, correctly stated the maximum punishments. We conclude that, although the court erred, these errors do not prejudice Fassett's substantial rights, as the court's Rule 11 colloquy otherwise assured Fassett's plea was made both knowingly and voluntarily.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Fassett's conviction and sentence. This court requires that counsel inform Fassett, in writing, of the right to petition the Supreme Court of the United States for further review. If Fassett requests that a petition be filed, but counsel believes

3

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fassett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED